A89A1804, A89A2047. TAYLOR v. STATE OF GEORGIA
(two cases).
(390 SE2d 601)

BANKE, Presiding Judge.

On October 5, 1988, the appellant, William T. Taylor, a principal in Taylor Bonding Company, agreed to be held as surety for the ap-

pearance of Dennis Byers in the Superior Court of Gordon County on a case pending against him for violations of the Georgia Controlled Substances Act. On December 30, 1988, copies of the criminal trial calendar for the week of January 9, 1989, through January 13, 1989, were mailed to the appellant at the address he had provided on the bond, as well as to his business address at Taylor Bonding Company. The case against Byers was on that calendar and was called both on January 9, 1989, and on January 12, 1989; however, Byers was not present in court on either occasion. The trial court consequently issued an order for an "execution hearing" on the bond. Notices of the hearing were mailed to the appellant at the same two addresses to which the copies of the trial calendar had been sent, and it is apparent without dispute that he received at least one of these notices. Based on Taylor's failure to secure Byers' presence at the execution hearing, the trial court announced its intention to enter an order forfeiting the bond. The appellant thereupon filed a "Motion for Continuance or Motion in Opposition to Entry of Judgment of Bond Forfeiture," which was denied by the trial court. The appellant filed notices of appeal both from that ruling and from the court's subsequent entry of a final judgment against him on the bond. *Held*:

1. The first appeal, docketed as Case No. A89A1804, is dismissed on the ground that it was taken from an order of judgment which was not directly appealable. See generally OCGA § 5-6-34 (a).

2. The appellant contends that the trial court erred in entering judgment on the bond because he was not given proper notice of Byers' trial date. Pursuant to OCGA § 17-6-70, the surety must be given at least 72 hours' written notice before the time that the principal is scheduled to appear in court. In addition, Rule 32.1 of the Uniform Superior Court Rules provides that a bondsman shall receive notice of the trial calendar either in person or by mail. The record in this case establishes that a copy of the trial calendar was mailed to the appellant 10 days prior to Byers' scheduled trial date. Accordingly, this enumeration is without merit.

3. The appellant asserts that the bond should not have been forfeited because Byers' case was called out of order on the trial calendar in contravention of OCGA § 17-8-1. That Code section directs that "[t]he cases on the criminal docket shall be called in the order in which they stand on the docket unless the defendant is in jail *or otherwise in the sound discretion of the court*." (Emphasis supplied.) We find nothing in this language which would establish a defense to the appellant's liability on the bond, regardless of the order in which the cases on the calendar were called.

4. In his final enumeration of error, the appellant contends that the trial court abused its discretion in failing to grant him a continuance to secure Byers' appearance. The appellant asserted that he had

been unable to produce Byers in court due to the actions of certain law enforcement officials. However, the only evidence offered in support of this assertion consisted of the appellant's testimony that "we were held off for over thirty days going into Florida to keep from messing up ongoing investigations some other people had. . . ." This testimony was wholly insufficient to establish that Byers was in the custody or control of police or other law enforcement officials at any time relevant to these proceedings. See generally OCGA § 17-6-31. Compare *Troup Bonding Co. v. State of Ga.*, 121 Ga. App. 25 (172 SE2d 476) (1970). Accordingly, this enumeration of error is also without merit.

*Appeal dismissed in Case No. A89A1804. Judgment affirmed in Case No. A89A2047. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 2, 1990 —
REHEARING DENIED JANUARY 17, 1990 — 

*Bailey & Bearden, J. Lane Bearden*, for appellant.
*Darrell E. Wilson, District Attorney*, for appellee.

